IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JERRY WAYNE ROSE,                )
                                 )
            Petitioner,          )
                                 )   1:12CV964
        v.                       )   1:05CR399-1
                                 )
UNITED STATES OF AMERICA,        )
                                 )
            Respondent.          )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jerry Wayne Rose, a federal prisoner, has brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. #23]. Petitioner was indicted on, and later pled guilty to, a single count of possession of ammunition following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He was sentenced to 180 months of imprisonment as an Armed Career Criminal to be followed by five years of supervised release. Following an unsuccessful direct appeal, Petitioner brought the present Motion.

Petitioner raises a single claim for relief in his Motion, contending that his conviction and sentence are invalid in light of the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because he no longer has the necessary predicate offenses to qualify as felon under § 922(g)(1) or an Armed Career Criminal under § 924(e). He contends that he did not face more than a year of imprisonment for the predicate offenses supporting his conviction in this case.

The Government opposes Petitioner's challenge to the § 922(g) conviction itself, and contends that Petitioner still has a predicate felony supporting the § 922(g)(1) conviction. However, as to Petitioner's sentence, the Government concedes, based on Simmons, that Petitioner would not have three previous convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another" to support the Armed Career Criminal enhancement. See 18 U.S.C. § 924(e) (providing that an Armed Career Criminal 15-year mandatory minimum sentence applies if a person violates 18 U.S.C. § 922(g) as a felon in possession of a firearm and has three previous convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another"). Specifically, based on Petitioner's state court judgments, the Government contends that Petitioner was convicted on September 22, 2003, for discharge of a weapon into occupied property and malicious assault in secret, both of which occurred on February 23, 2003. Both of these offenses were classified as Class E felonies, sentenced in the mitigated range with a prior record level of II. Petitioner was sentenced to a term of imprisonment of 20 to 33 months for these offenses, and either of these offenses would be a sufficient predicate felony to support the § 922(g)(1) conviction. However, the Government concedes that these offenses did not occur on different occasions, and would only count as one "violent felony" for purposes of the § 924(e) enhancement. The Government further contends that Petitioner was convicted on August 8, 2003, of two counts of assault with a deadly weapon on a government official, with both counts alleged to have occurred on March 18, 2002. Both of these counts were classified as Class F felonies sentenced in the aggravated range with a prior record level of II. Petitioner received a sentence of 24 to

2

29 months on those convictions, and both of these offenses would also be a sufficient predicate felony to support the § 922(g)(1) conviction. However, the Government concedes that these offenses did not appear to have been committed on different occasions, and would only count as one "violent felony" for purposes of the § 924(e) enhancement. Finally, the Government notes that Petitioner was convicted on August 8, 2003, of breaking and entering on a separate occasion, but the Government concedes that this offense was a Class H felony with a prior record level of II, sentenced in the aggravated range. In this regard, the Government concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for that prior conviction. Based on this determination, the Government concedes that Petitioner does not have three prior felony convictions supporting the Armed Career Criminal sentence. The Government therefore takes the position that relief should be granted pursuant to 28 U.S.C. § 2255 with respect to Petitioner's sentence.

As part of this concession, the Government has affirmatively waived any statute of limitations defense or procedural defense that might otherwise apply.[1] Petitioner has replied through counsel and has agreed that he has "only two ACCA-qualifying state court convictions punishable by more than a year in prison." Petitioner does not, in his Reply, challenge his conviction under § 922(g)(1), and instead agrees that he should be resentenced. The parties thus

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

3

agree that pursuant to the § 2255 Motion, Petitioner's sentence should be vacated and Petitioner should be resentenced.[2]

The Court has reviewed Petitioner's state court judgments, and notes that Petitioner's prior convictions listed in the indictment for breaking and entering and eluding arrest by motor vehicle were Class H felonies for which the aggravated range of sentencing applied. Based on Petitioner's prior record level of II, the maximum sentence he faced under North Carolina law for these convictions, as analyzed in Simmons, was 12 months or less. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009); see also United States v. Cook, 457 F. App'x 285 (4th Cir. 2011) (applying Simmons to the determination of whether predicates were properly counted for purposes of § 924(e)). Therefore, based on this determination, and based on the concession by the Government that Petitioner is entitled to sentencing relief under § 2255, the Court will recommend that

---

[2] Thus, the Government has taken the position that Simmons applies on collateral review under 28 U.S.C. § 2255 and that the claims raised here are cognizable in these proceedings, at least with respect to defendants who were sentenced as Armed Career Criminals, but who would not have the requisite predicate offenses in light of Simmons and, therefore, would be serving a sentence greater than the statutory maximum that should apply. See United States v. Hall, 1:08CR292-1 (M.D.N.C. Oct. 20, 2012) (vacating Armed Career Criminal sentence and setting matter for resentencing based on Government's concession in light of Simmons). In addition, in taking this position, the Government has agreed that Simmons announced a new substantive rule of criminal law, at least as to defendants in that category. Cf. Teague v. Lane, 489 U.S. 289, 306 (1989) (noting that new procedural rules are generally not applicable on collateral review, but new substantive rules are applicable on collateral review); Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (noting that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes"). This Court notes that the recent decision of the Court of Appeals for the Fourth Circuit in United States v. Powell concluded that the decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which preceded Simmons, was a procedural rule not retroactively applicable on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012). However, in Powell, the Government took the position that the decision in Simmons, unlike Carachuri, "may have announced a new substantive rule of criminal law." Id. Therefore, the Court in Powell did not have before it the issue of whether Simmons was a procedural rule or a substantive rule applicable on collateral review. Thus, it does not appear that the decision in Powell would preclude the position the Government takes here. In the circumstances, this Court will accept the Government's concession and will recommend that relief be allowed based on that concession.

4

Petitioner's Motion to Vacate, Set Aside or Correct Sentence be granted as to his request for resentencing, that Petitioner's sentence be vacated, and that this matter be set for resentencing.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion under 28 U.S.C. § 2255 [Doc. #23] be DENIED as to his claim that his conviction is no longer valid, that it be GRANTED as to his request for resentencing, that Petitioner's sentence be VACATED, and that this matter be set for resentencing in light of the Government's concession.

This, the 13th day of March, 2013.

/s/ Joi Elizabeth Peake
United States Magistrate Judge